# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

Buc-ee's, Ltd.,

      **Plaintiff,**

      v.

**EJL Acquisitions, LLC and Home Away From Home Dog Training, LLC,**

      **Defendants.**

Case No.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:**

  (1)  **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1);**
  (2)  **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**
  (3)  **TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**
  (4)  **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);**
  (5)  **TRADEMARK DILUTION IN VIOLATION OF MO. ANN. STAT. § 417.061;**
  (6)  **COMMON LAW TRADEMARK INFRINGEMENT;**
  (7)  **COMMON LAW UNFAIR COMPETITION;**
  (8)  **COMMON LAW MISAPPROPRIATION; AND**
  (9)  **UNJUST ENRICHMENT.**

      **Jury Trial Demanded**

## COMPLAINT

Plaintiff, Buc-ee's, Ltd. ("Buc-ee's"), for its Complaint against Defendants, EJL Acquisitions, LLC ("EJL") and Home Away From Home Dog Training, LLC ("Home Away") (collectively, "Defendants" or "Barc-ee's"), alleges as follows:

## The Parties

1.     Buc-ee's, Ltd. is a Texas limited partnership with its principal place of business at 327 FM 2004, Lake Jackson, Texas 77566.

2.     On information and belief, EJL Acquisitions, LLC is a company organized under the laws of the State of Missouri with a company address of 2900 Brooktree Lane, Woodlands II Building, Suite 100, Gladstone, Missouri 64119.

3.     On information and belief, Home Away From Home Dog Training, LLC is a company organized under the laws of the State of Missouri with a company address of 2900 Brooktree Lane, Suite 100, Gladstone, Missouri 64119.

4.     On information and belief, Defendants operate a business located at 140 York Dr., Marshfield, Missouri 65706 under the name of "Barc-ee's" offering and selling at least food products, drink products, pet products, travel stop services such as providing dog parks, EV charging stations, and board game play areas, as well as retail store services featuring convenience store items like insulated tumblers. On information and belief, EJL filed a Registration of Fictitious Name with the Missouri Secretary of State registering the name BARC-EE'S for doing business in the state of Missouri. On information and belief, Home Away filed U.S. Trademark Application Serial No. 99008665 with the United States Patent and Trademark Office for a mark consisting of

a logo that includes "BARC-EE'S" and stated in the application that Home Away is the owner and user of the applied-for mark.

<u>**Jurisdiction and Venue**</u>

5.     This is an action for trademark infringement, trademark dilution, unfair competition and false designation of origin, misappropriation, and unjust enrichment. This complaint arises under the Annotated Missouri Statutes; the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"); federal common law; and state common law, including the law of Missouri.

6.     This Court has subject matter jurisdiction over this complaint pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

7.     This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants are companies organized and existing under the laws of the State of Missouri. This Court also has personal jurisdiction over Defendants because Defendants have a company address and a place of business in the State of Missouri and in this District. This Court also has personal jurisdiction over Defendants because Defendants have each purposefully and intentionally availed themselves of the privileges of doing business in the State of Missouri, including in this District where, among other things, Defendants have offered for sale and/or sold goods and services at a physical location in this District and have advertised and promoted goods and services to customers and/or potential customers in this District. Finally, this Court also has personal jurisdiction over Defendants because Defendants' tortious acts giving rise to this lawsuit and harm to Buc-ee's have occurred and are occurring, among other places, in the State of Missouri, including in this District.

8.     Venue is proper in this District pursuant to at least 28 U.S.C. § 1391(a)-(d).

## Buc-ee's Background

9.     For more than four decades, Buc-ee's has offered quality convenience store services and merchandise to the public under the Buc-ee's brand and Buc-ee's logo. As a result of such use, Buc-ee's has become widely known across the United States and Missouri and Buc-ee's brand and logo have become famous.

10.     Buc-ee's has established its footprint across the United States, with more than fifty BUC-EE'S stores in nine states (Missouri, Texas, Alabama, Florida, Georgia, South Carolina, Tennessee, Kentucky, and Colorado), including in Springfield, Missouri. Buc-ee's prides itself in providing premium goods and services to its customers, standing by its motto of "Clean, Friendly, and In Stock."[SM] Buc-ee's original iconic trademarks have been in continuous service since at least 1982.

## The Buc-ee's Trademarks

11.     Buc-ee's has trademark rights in the word BUC-EE'S (the "Buc-ee's Word Trademark"), and Buc-ee's has registered the Buc-ee's Word Trademark, including in stylized form, with the United States Patent and Trademark Office, including under Registration Numbers 3,763,277; 4,007,063; 6,421,534; 4,316,457; 6,421,516; and 7,419,562. As illustrated by these registrations and Buc-ee's use of the Buc-ee's Word Trademark, Buc-ee's owns registered trademark rights in the Buc-ee's Word Trademark, including rights in the word in standard characters and the word with a curving word style as illustrated below.

12.     Registration Number 3,763,277 ("the '277 Registration") is directed to trademark class 35 (advertising and business services) and specifically includes retail store services featuring convenience store items.

13.     Registration Number 4,007,063 ("the '063 Registration") is directed to trademark classes 16 (paper goods and printed matter), 21 (housewares and glass), 25 (clothing goods), 29-

4

31 (meats and processed foods, staple foods, and natural agricultural products), and 35 (advertising and business services), and specifically includes, for example, drinking glasses, drinking mugs, coffee mugs, and insulated mugs sold in retail convenience stores, clothing sold in retail convenience stores (*e.g.*, shirts, hats), foods sold in retail convenience stores (*e.g.*, prepared meats, namely, chicken, pork, beef and turkey, snack food dips, food package combinations consisting primarily of meat and/or cheese, candy, candy with nuts, salsa, and trail mixes), and retail store services for similar goods.

14.     Registration Number 6,421,534 ("the '534 Registration") is directed to trademark classes 18 (leather goods), 21 (housewares and glass), and 28 (toys and sporting goods), and specifically includes pet clothing, pet collars, pet leashes, bow ties for pets, pet feeding and drinking bowls, and pet toys.

15.     Registration Number 4,316,457 ("the '457 Registration") is directed to trademark classes 16 (paper goods and printed matter), 21 (housewares and glass), 25 (clothing goods), 28 (toys and sporting goods), 29-31 (meats and processed foods, staple foods, and natural agricultural products), and 35 (advertising and business services), and specifically includes, for example, drinking glasses, drinking mugs, coffee mugs, and insulated mugs sold in retail convenience stores, clothing sold in retail convenience stores (*e.g.*, shirts, hats), stuffed toy animals solid in retail convenience stores, foods sold in retail convenience stores (*e.g.*, prepared meats, namely, chicken, pork, beef and turkey, snack food dips, food package combinations consisting primarily of meat and/or cheese, candy, candy with nuts, salsa, and trail mixes), and retail store services for similar and other goods, including retail store services featuring board games and stuffed toy animals.

16.     Registration Number 6,421,516 ("the '516 Registration") is directed to trademark classes 18 (leather goods), 21 (housewares and glass), and 28 (toys and sporting goods), and

specifically includes pet clothing, pet collars, pet leashes, bow ties for pets, pet feeding and drinking bowls, and pet toys.

17.     Registration Number 7,419,562 ("the '562 Registration") is directed to trademark class 35 (advertising and business services) and specifically includes retail store services featuring convenience store items.

18.     Buc-ee's has trademark rights in the Buc-ee's logo illustrated in the table below (the "Buc-ee's Logo"), and Buc-ee's has registered the Buc-ee's Logo with the United States Patent and Trademark Office under at least Registration Numbers 3,246,893; 4,007,064; 6,421,517; 4,316,461; 6,421,518; and 7,419,559. As illustrated by these registrations and Buc-ee's use of the Buc-ee's Logo, Buc-ee's owns registered trademark rights in the Buc-ee's Logo.

19.     Registration Number 3,246,893 ("the '893 Registration") is directed to trademark class 35 (advertising and business services) and specifically includes retail store services featuring convenience store items.

20.     Registration Number 4,007,064 ("the '064 Registration") is directed to trademark classes 16 (paper goods and printed matter), 21 (housewares and glass), 25 (clothing goods), 28-31 (toys and sporting goods, meats and processed foods, staple foods, and natural agricultural products), and 35 (advertising and business services), and specifically includes, for example, drinking glasses, drinking mugs, coffee mugs, and insulated mugs sold in retail convenience stores, clothing sold in retail convenience stores (*e.g.*, shirts, hats), stuffed toy animals sold in retail convenience stores, foods sold in retail convenience stores (*e.g.*, prepared meats, namely, chicken, pork, beef and turkey, snack food dips, food package combinations consisting primarily of meat and/or cheese, candy, candy with nuts, salsa, and trail mixes), and retail store services for similar and other goods, including retail store services featuring board games and stuffed toy animals.

6

21. Registration Number 6,421,517 ("the '516 Registration") is directed to trademark classes 18 (leather goods), 21 (housewares and glass), and 28 (toys and sporting goods), and specifically includes, for example, pet clothing, pet collars, pet leashes, bow ties for pets, pet feeding and drinking bowls, and pet toys.

22. Registration Number 4,316,461 ("the '461 Registration") is directed to trademark classes 16 (paper goods and printed matter), 21 (housewares and glass), 25 (clothing goods), 28 (toys and sporting goods), 29-31 (meats and processed foods, staple foods, and natural agricultural products), and 35 (advertising and business services), and specifically includes, for example, drinking glasses, drinking mugs, coffee mugs, and insulated mugs sold in retail convenience stores, clothing sold in retail convenience stores (*e.g.*, shirts, hats), stuffed toy animals sold in retail convenience stores, foods sold in retail convenience stores (*e.g.*, prepared meats, namely, chicken, pork, beef and turkey, snack food dips, food package combinations consisting primarily of meat and/or cheese, candy, candy with nuts, salsa, and trail mixes), and retail store services for similar and other goods, including retail store services featuring board games and stuffed toy animals.

23. Registration Number 6,421,518 ("the '518 Registration") is directed to trademark classes 18 (leather goods), 21 (housewares and glass), and 28 (toys and sporting goods), and specifically includes, for example, pet clothing, pet collars, pet leashes, bow ties for pets, pet feeding and drinking bowls, and pet toys.

24. Registration Number 7,419,559 ("the '559 Registration") is directed to trademark class 35 (advertising and business services) and specifically includes, for example, retail store services featuring convenience store items.

25. The '277 Registration, the '063 Registration, the '534 Registration, the '457 Registration, the '516 Registration, the '562 Registration, the '893 Registration, the '064

Registration, the '517 Registration, the '461 Registration, the '518 Registration, and the '559 Registration and the accompanying Buc-ee's trademarks are identified below, and true and correct copies of these registrations are attached to this Complaint as Exhibits A-L.

| U.S. Trademark Registration No. | Trademark | Exhibit |
|---|---|---|
| 3,763,277 | BUC-EE'S | A |
| 4,007,063 | BUC-EE'S | B |
| 6,421,534 | BUC-EE'S | C |
| 4,316,457 | BUC-EE'S | D |
| 6,421,516 | BUC-EE'S | E |
| 7,419,562 | BUC-EE'S | F |
| 3,246,893 |  | G |
| 4,007,064 |  | H |

| | | |
|:---:|:---:|:---:|
| 6,421,517 |  | I |
| 4,316,461 |  | J |
| 6,421,518 |  | K |
| 7,419,559 |  | L |

26.    Additionally, the '277 Registration, the '063 Registration, the '457 Registration, the '893 Registration, the '064 Registration, and the '461 Registration are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and thus serve as conclusive evidence of their validity and of Buc-ee's exclusive right to use these trademarks in commerce pursuant to 15 U.S.C. § 1115(b).

27.    Buc-ee's also owns common law rights in the Buc-ee's Word Trademark and the Buc-ee's Logo based on Buc-ee's use of the Buc-ee's Word Trademark and the Buc-ee's Logo in

9

commerce in connection with Buc-ee's goods and services, including, *inter alia*, convenience store services and travel stop services such as the provision of EV charging stations, gas pumps, dog areas, as well as goods such as food products, drink products, coffee products, pet products, bandanas, and other merchandise, including insulated tumblers and stuffed animals.

28.     Exemplary uses of the Buc-ee's Word Trademark and/or the Buc-ee's Logo, including exemplary images of goods and/or services offered by Buc-ee's in connection with the Buc-ee's Word Trademark and/or the Buc-ee's Logo, are shown below.



| Illustration 1 – Exemplary Uses of the Buc-ee's Word Trademark and Buc-ee's Logo |
|---|

| Illustration 1 – Exemplary Uses of the Buc-ee's Word Trademark and Buc-ee's Logo |
|---|







| Illustration 1 – Exemplary Uses of the Buc-ee's Word Trademark and Buc-ee's Logo |
| --- |



 

| Illustration 1 – Exemplary Uses of the Buc-ee's Word Trademark and Buc-ee's Logo |
| --- |



**Illustration 1 – Exemplary Uses of the Buc-ee's Word Trademark and Buc-ee's Logo**



| Illustration 1 – Exemplary Uses of the Buc-ee's Word Trademark and Buc-ee's Logo |
|:---:|



| **Illustration 1 – Exemplary Uses of the Buc-ee's Word Trademark and Buc-ee's Logo** |
| --- |



29.     Buc-ee's use of the Buc-ee's Logo includes uses with the beaver associated with and/or in an automobile, including with Buc-ee's iconic and often-photographed red truck. Exemplary uses of the Buc-ee's Logo and/or Buc-ee's Word Trademark connected with or associated with cars or other transportation vehicles are provided below.

16

| Illustration 2 – Additional Exemplary Uses of the Buc-ee's Logo and Buc-ee's Word Trademark |
|---|



https://buc-ees.com/about/





| Illustration 2 – Additional Exemplary Uses of the Buc-ee's Logo and Buc-ee's Word Trademark |
| --- |





| Illustration 2 – Additional Exemplary Uses of the Buc-ee's Logo and Buc-ee's Word Trademark | |
|---|---|
|  | <br> |

| **Illustration 2 – Additional Exemplary Uses of the Buc-ee's Logo and Buc-ee's Word Trademark** |
| :---: |

| Illustration 2 – Additional Exemplary Uses of the Buc-ee's Logo and Buc-ee's Word Trademark |
| --- |





| Illustration 2 – Additional Exemplary Uses of the Buc-ee's Logo and Buc-ee's Word Trademark |



Buc-ee's iconic and often-photographed red truck, filled with beaver dolls. (Emmett Burnett / Alabama Living)

30.     Buc-ee's rights in the Buc-ee's Word Trademark and the Buc-ee's Logo, including the '277 Registration, the '063 Registration, the '534 Registration, the '457 Registration, the '516 Registration, the '562 Registration, the '893 Registration, the '064 Registration, the '517 Registration, the '461 Registration, the '518 Registration, and the '559 Registration, and Buc-ee's common law rights related to use of the Buc-ee's Word Trademark and the Buc-ee's Logo, are collectively referred to as the "Buc-ee's Trademarks." The goods and services offered in connection with the Buc-ee's Trademarks, including those identified above, are collectively referred to as the "Buc-ee's Goods and Services."

31.     Buc-ee's uses its Buc-ee's Trademarks in each of its more-than-fifty stores, including its store located at 3284 N Beaver Road, Springfield, Missouri 65803.

32.     As a result of, *inter alia*, Buc-ee's exclusive, continuous, and substantial use of Buc-ee's Trademarks, Buc-ee's exclusive, continuous, and substantial advertising and promoting

of Buc-ee's Goods and Services bearing and/or in connection with the Buc-ee's Trademarks, and the publicity and attention that has been paid to Buc-ee's Trademarks, these trademarks have become famous in the United States and have acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate Buc-ee's Trademarks as source identifiers of Buc-ee's.

### Defendants' Unlawful Activities

33.     Defendants have purposefully advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continue to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, products and services in a manner that violates Buc-ee's rights in Buc-ee's Trademarks.

34.     EJL uses the name "BARC-EE'S" (the "Barc-ee's Mark") in connection with at least food products, drink products, pet products, travel stop services such as providing dog parks, EV charging stations, and board game play areas, as well as retail store services featuring convenience store items.

35.     Home Away uses the Barc-ee's Mark in connection with at least food products, drink products, pet products, travel stop services such as providing dog parks, EV charging stations, and board game play areas, as well as retail store services featuring convenience store items.

36.     Defendants' use of the Barc-ee's Mark includes use of "BARC-EE'S" alone, use of "BARC-EE'S" with a curving word style, and use of "BARC-EE'S" in connection with the Barc-ee's Logo as shown below.

37.     By using the Barc-ee's Mark—a colorable imitation of the Buc-ee's Word Trademark—Defendants have violated Buc-ee's rights in the Buc-ee's Word Trademark.

Defendants' actions regarding use of the Barc-ee's Mark have all been without the authorization of Buc-ee's.

38.     The Barc-ee's Mark copies and/or mimics important aspects of the Buc-ee's Word Trademark. The Barc-ee's Mark, among other things, is nearly identical both orally and visually to the Buc-ee's Word Trademark. Defendants' use of the Barc-ee's Mark also includes use of "BARC-EE'S" with a curving word style, similar to Buc-ee's curving word style used for many uses of the Buc-ee's Word Trademark:

| Illustration 3 – Comparison of Exemplary Uses of Barc-ee's Mark and Buc-ee's Word Trademark |
|:---:|



39.     EJL uses a logo of an anthropomorphic and cartoon representation of a smiling brown animal with a red tongue and black nose wearing a hat on a yellow circle with a black circular outline (the "Barc-ee's Logo"), including as illustrated below, in connection with at least food products, drink products, pet products, travel stop services, and retail store services featuring convenience store items.

40.     Home Away uses the Barc-ee's Logo in connection with at least food products, drink products, pet products, travel stop services, and retail store services featuring convenience store items.

41.     Defendants' use of the Barc-ee's Logo includes use of the Barc-ee's Logo with "BARC-EE'S" with a curving word style and use of the Barc-ee's Logo without text as illustrated below.

42.     By using the Barc-ee's Logo—a colorable imitation of the Buc-ee's Logo—Defendants have violated Buc-ee's rights in the Buc-ee's Trademarks. Defendants' actions regarding use of the Barc-ee's Logo have all been without the authorization of Buc-ee's.

| Illustration 4 – Exemplary Uses of the Barc-ee's Logo |
|---|



43.     This anthropomorphic and cartoon representation of an animal as shown above copies and/or mimics important aspects of the iconic Buc-ee's Logo. For example, the Barc-ee's Logo copies Buc-ee's Logo's use of a friendly smiling cartoon animal oriented within a circle with a yellow background encompassed by a black circle. As other examples, the Barc-ee's Logo also copies the Buc-ee's Logo with the use of a hat placed on a brown animal with a red tongue and black nose. And in many uses, the Barc-ee's Logo includes the use of the similar Barc-ee's Mark, even with use of curving word style, near the logo image, as Buc-ee's does in many cases when using the Buc-ee's Word Trademark and the Buc-ee's Logo together.

44.     In addition, Defendants have intentionally sold and promoted food and drink products and pet products and offered related services, such as travel stop services, in a manner that results in confusion to consumers and infringes upon the Buc-ee's Trademarks and dilutes the

Buc-ee's Trademarks, including because the goods and services sold, promoted, and offered by Defendants are offered by Buc-ee's and specifically covered by one or more of Buc-ee's federal registrations.

45.    Examples illustrating Defendants' uses of the infringing and diluting Barc-ee's Mark and the infringing and diluting Barc-ee's Logo are shown below.



**Illustration 5 – Exemplary Uses of Barc-ee's Mark and/or Barc-ee's Logo**







46.     Defendants' activity related to the Barc-ee's business is with full knowledge of Buc-ee's and the Buc-ee's Trademarks. Indeed, articles about the Barc-ee's business posted on the barcees.com website flatly admit that Buc-ee's was the "inspiration" for the Barc-ee's business, citing discussions with John Lopez, the apparent Founder, CEO, and "visionary behind Barc-ee's."

47.     For example, one article on the Barc-ee's website states the Barc-ee's "concept [was] inspired by the well-known Buc-ee's" and that "[i]n a playful nod to Buc-ee's, Barc-ee's plans to advertise along I-44 up to 600 miles out with billboards featuring friendly jabs at its inspiration, including a potential sign featuring a dog and a beaver." Posting these statements on the barcees.com website confirms that the Barc-ee's business is aware of Buc-ee's, Buc-ee's typical business activities, the fame and recognition of the Buc-ee's Trademarks, and Buc-ee's uses of the Buc-ee's Trademarks, such as in expansive billboard advertisements.

48.     In another example, another article on the Barc-ee's website states "[t]he concept is a play on Buc-ee's, which is about 17 miles southwest of the site. Lopez … said he hopes to inspire banter with Buc-ee's through the name …. Also similar to Buc-ee's, Barc-ee's would advertise along I-44 as far are 600 miles out …."

49.     As yet another example, another article on the Barc-ee's website acknowledges that "Barc-ee's will be only 17 miles east of Buc-ee's in Springfield, the first such store in Missouri that opened to much fanfare — and crowds" before Barc-ee's opened.

50.     These statements, and other similar ones on the Barc-ee's website and/or other publicly available articles, reveal that Defendants are aware of Buc-ee's and the Buc-ee's Trademarks. They further show that Defendants are willingly and intentionally proceeding forward with a "similar" mark and logo despite this knowledge.

51.     In sum, Defendants are using the Barc-ee's Mark and the Barc-ee's Logo with full knowledge of Buc-ee's rights, and in bad faith and with willful and deliberate intent to trade on Buc-ee's substantial recognition, reputation, and goodwill. In view of the willful nature of Defendants' infringement, dilution, and unfair competition, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

52.     Defendants' unlawful activities related to their use of the infringing Barc-ee's Mark and Barc-ee's Logo are likely to cause confusion or to cause mistake or to deceive, including but not limited to, as to the origin, connection, or approval of Defendants and their goods and services, on the one hand, and Buc-ee's and the Buc-ee's Goods and Services, on the other hand.

53.     Buc-ee's used Buc-ee's Trademarks and federally registered Buc-ee's Trademarks extensively and continuously before Defendants began advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing their goods and/or offering services in connection with the infringing and diluting Barc-ee's Mark and Barc-ee's Logo. Moreover, Buc-ee's Trademarks became famous and acquired secondary meaning in the United States and in Missouri before Defendants commenced their unlawful use of the infringing and diluting Barc-ee's Mark and Barc-ee's Logo.

54.     Defendants' intentional and unauthorized actions further constitute infringement and dilution of the Buc-ee's Trademarks in violation of federal law.

### Injury to Buc-ee's

55.     Defendants' unauthorized use of the Barc-ee's Mark and the Barc-ee's Logo, which are confusingly similar to the Buc-ee's Trademarks, will allow Defendants to receive the benefit of the goodwill built up at the great labor and expense by Buc-ee's in the Buc-ee's Trademarks, and further will allow Defendants to gain acceptance for their services and products based not on their own merits, but on an association with the reputation and goodwill of Buc-ee's.

56. Defendants' use of the Barc-ee's Mark and the Barc-ee's Logo, which are confusingly similar to the Buc-ee's Trademarks, falsely indicates to the purchasing public that Defendants and/or their services and products are in some manner connected with, sponsored by, affiliated with, and/or related to Buc-ee's and/or the Buc-ee's Goods and Services.

57. Defendants' use of the Barc-ee's Mark and the Barc-ee's Logo, which are confusingly similar to the Buc-ee's Trademarks, places the valuable reputation and goodwill of Buc-ee's in the hands of Defendants, over whom Buc-ee's has no control. It further impairs the distinctiveness of the Buc-ee's Trademarks.

58. Defendants' activities are likely to cause confusion, or to cause mistake, or to deceive customers or potential customers wishing to purchase services or products sponsored by, associated with, or affiliated with Buc-ee's.

59. The Buc-ee's Trademarks are famous and are entitled to protection under federal law and Missouri law. Buc-ee's has extensively and continuously promoted and used the Buc-ee's Trademarks. Through that extensive and continuous use, the Buc-ee's Trademarks have become famous and well-known indicators of the origin and quality of Buc-ee's products and services in the United States and in Missouri, and the Buc-ee's Trademarks are widely recognized by the public throughout the nation and in Missouri as a designation of source. The Buc-ee's Trademarks have also acquired substantial secondary meaning in the marketplace, in the United States, and in the State of Missouri. Moreover, Buc-ee's extensive and continuous use preceded Defendants' uses of the Barc-ee's Mark and the Barc-ee's Logo. What's more, the Buc-ee's Trademarks became famous and acquired this secondary meaning before Defendants commenced their use of the Barc-ee's Mark and the Barc-ee's Logo.

31

60. As a result of Defendants' unlawful activities related to their use of the Barc-ee's Mark and the Barc-ee's Logo, there is a likelihood of confusion between Defendants and their goods and services, on the one hand, and Buc-ee's and the Buc-ee's Goods and Services, on the other hand, and there also is a likelihood of dilution of the distinctive nature of the Buc-ee's Trademarks. Defendants' unlawful conduct has been intentional, willful, and malicious, and is evidenced at least by Defendants' knowledge of Buc-ee's and its rights, and by Defendants' ongoing and continuing disregard for Buc-ee's rights.

61. This action is being brought to prevent any further infringement and dilution of Buc-ee's intellectual property rights under federal law and to compensate Buc-ee's for the harm caused by Defendants' willful actions. As discussed above and as set forth in the counts below, Defendants' conduct is unfair and unlawful.

## Count I:
## Trademark Infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

62. Buc-ee's realleges and incorporates the allegations set forth in paragraphs 1 through 61 as though fully set forth herein.

63. Based on the activities described above, Defendants have infringed and continue to infringe Buc-ee's federally registered trademarks under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Defendants' use of the Barc-ee's Mark and the Barc-ee's Logo is likely to cause confusion, or to cause mistake, or to deceive. Moreover, the '277 Registration, the '063 Registration, the '534 Registration, the '457 Registration, the '516 Registration, the '562 Registration, the '893 Registration, the '064 Registration, the '517 Registration, the '461 Registration, the '518 Registration, and the '559 Registration, and their first use dates predate Defendants' unlawful use of the Barc-ee's Mark and the Barc-ee's Logo in connection with their goods and services.

32

64. Defendants' use of the Barc-ee's Mark and the Barc-ee's Logo in connection with their goods/services and commercial activities has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Buc-ee's for which Buc-ee's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Buc-ee's Trademarks, the Buc-ee's Goods and Services, and Buc-ee's.

65. On information and belief, Defendants' unlawful conduct has been intentional, willful, and malicious, and is evidenced at least by Defendants' knowledge of Buc-ee's and its rights, and by Defendants' ongoing and continuing disregard for Buc-ee's rights.

66. Buc-ee's is entitled to injunctive relief, and Buc-ee's is entitled to recover at least any profits by Defendants, Buc-ee's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

## Count II:
## Trademark Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

67. Buc-ee's realleges and incorporates the allegations set forth in paragraphs 1 through 66 as though fully set forth herein.

68. Based on the activities described above, Defendants violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Defendants' use of the Barc-ee's Mark and the Barc-ee's Logo is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendants with Buc-ee's and as to the origin, sponsorship, and/or approval of any Defendant goods/services, at least by creating the false and misleading impression that any Defendant goods/services are manufactured by, authorized by, or otherwise associated with Buc-ee's.

69. The Buc-ee's Trademarks are entitled to protection under the Lanham Act. The Buc-ee's Trademarks are inherently distinctive. Buc-ee's has extensively and continuously promoted and used its trademarks in the United States. Through that extensive and continuous use,

the Buc-ee's Trademarks have become well-known indicators of the origin and quality of the Buc-ee's Goods and Services. The Buc-ee's Trademarks have also acquired substantial secondary meaning in the marketplace. Moreover, the Buc-ee's Trademarks acquired this secondary meaning before Defendants commenced their unlawful use the Barc-ee's Mark and the Barc-ee's Logo in connection with their goods/services.

70.     Defendants' use of the Barc-ee's Mark and the Barc-ee's Logo in connection with their goods/services and commercial activities has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Buc-ee's for which Buc-ee's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Buc-ee's Trademarks, the Buc-ee's Goods and Services, and Buc-ee's.

71.     On information and belief, Defendants' unlawful conduct has been intentional, willful, and malicious, and is evidenced at least by Defendants' knowledge of Buc-ee's and its rights, and by Defendants' ongoing and continuing disregard for Buc-ee's rights.

72.     Buc-ee's is entitled to injunctive relief, and Buc-ee's is entitled to recover at least any profits by Defendants, Buc-ee's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count III:**
**Trademark Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

73.     Buc-ee's realleges and incorporates the allegations set forth in paragraphs 1 through 72 as though fully set forth herein.

74.     Based on the activities described above, Defendants are likely to dilute, have diluted, and continue to dilute the famous Buc-ee's Trademarks in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Defendants' use of the Barc-ee's Mark and the Barc-ee's Logo is likely to cause, and has caused, dilution of the famous Buc-ee's Trademarks at least by eroding

34

the public's exclusive identification of the famous Buc-ee's Trademarks with Buc-ee's, by lessening the capacity of the famous Buc-ee's Trademarks to identify and distinguish the Buc-ee's Goods and Services, and by impairing the distinctiveness of the famous Buc-ee's Trademarks.

75. The Buc-ee's Trademarks are famous and are entitled to protection under the Lanham Act. The Buc-ee's Trademarks are inherently distinctive. The Buc-ee's Trademarks also have acquired distinctiveness through Buc-ee's extensive and continuous promotion and use of the Buc-ee's Trademarks in the United States. Through that extensive and continuous use, the Buc-ee's Trademarks have become famous, well-known indicators of the origin and quality of the Buc-ee's Goods and Services throughout the United States, and are widely recognized by the general consuming public as a designation of the source of Buc-ee's and the Buc-ee's Goods and Services. The Buc-ee's Trademarks have also acquired substantial secondary meaning in the marketplace. Moreover, the Buc-ee's Trademarks became famous and acquired this secondary meaning before Defendants commenced their unlawful use the Barc-ee's Mark and the Barc-ee's Logo in connection with their goods/services.

76. Defendants' use of the Barc-ee's Mark and the Barc-ee's Logo in connection with their goods/services and commercial activities has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to Buc-ee's for which Buc-ee's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Buc-ee's Trademarks, the Buc-ee's Goods and Services, and Buc-ee's.

77. On information and belief, Defendants' unlawful conduct has been intentional, willful, and malicious, and is evidenced at least by Defendants' knowledge of Buc-ee's and its rights, and by Defendants' ongoing and continuing disregard for Buc-ee's rights.

78. Buc-ee's is entitled to injunctive relief, and Buc-ee's is also entitled to recover at least any profits by Defendants, Buc-ee's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count IV:**
**Unfair Competition and False Designation of Origin under § 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

79. Buc-ee's realleges and incorporates the allegations set forth in paragraphs 1 through 78 as though fully set forth herein.

80. The activities described above violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and constitute unfair competition and false designation of origin, at least because Defendants have obtained an unfair advantage as compared to Buc-ee's through Defendants' use of the Barc-ee's Mark and the Barc-ee's Logo and because such use is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of any Defendant goods/services, at least by creating the false and misleading impression that any Defendant goods/services are manufactured by, authorized by, or otherwise associated with Buc-ee's.

81. The Buc-ee's Trademarks are entitled to protection under the Lanham Act. Buc-ee's has extensively and continuously promoted and used its Trademarks in the United States. Through that extensive and continuous use, the Buc-ee's Trademarks have become well-known indicators of the origin and quality of the Buc-ee's Goods and Services. The Buc-ee's Trademarks are also inherently distinctive. Moreover, Buc-ee's rights in the Buc-ee's Trademarks predate Defendants' unlawful use of the Barc-ee's Mark and the Barc-ee's Logo in connection with their goods and services.

82. Defendants' use of the Barc-ee's Mark and the Barc-ee's Logo in connection with their goods/services and commercial activities has caused and, unless enjoined, will continue to

cause substantial and irreparable injury to Buc-ee's for which Buc-ee's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Buc-ee's Trademarks, the Buc-ee's Goods and Services, and Buc-ee's.

83. On information and belief, Defendants' unlawful conduct has been intentional, willful, and malicious, and is evidenced at least by Defendants' knowledge of Buc-ee's and its rights, and by Defendants' ongoing and continuing disregard for Buc-ee's rights.

84. Buc-ee's is entitled to injunctive relief, and Buc-ee's is also entitled to recover at least any profits by Defendants, Buc-ee's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count V:**
**Trademark Dilution Under Mo. Ann. Stat. § 417.061**

85. Buc-ee's realleges and incorporates the allegations set forth in paragraphs 1 through 84 as though fully set forth herein.

86. Based on the activities described above, Defendants are likely to dilute, have diluted, and continue to dilute the Buc-ee's Trademarks in violation § 417.061 of the Annotated Missouri Statutes. Defendants' use of the Barc-ee's Mark and the Barc-ee's Logo is likely to cause, and has caused, dilution of the Buc-ee's Trademarks at least by eroding the public's exclusive identification of the Buc-ee's Trademarks with Buc-ee's, by lessening the capacity of the Buc-ee's Trademarks to identify and distinguish the Buc-ee's Goods and Services, and by impairing the distinctiveness of the Buc-ee's Trademarks.

87. The Buc-ee's Trademarks are valid at common law and entitled to protection under Missouri law. Buc-ee's has extensively and continuously promoted and used its Trademarks in the United States and in the State of Missouri. Through that extensive and continuous use, the Buc-ee's Trademarks have become well-known indicators of the origin and quality of the Buc-ee's

Goods and Services in the United States and in the State of Missouri, and the Buc-ee's Trademarks are widely recognized by the public throughout Missouri as a designation of the source of Buc-ee's and the Buc-ee's Goods and Services. The Buc-ee's Trademarks have also acquired substantial secondary meaning in the marketplace, including in the State of Missouri. Moreover, the Buc-ee's Trademarks acquired this secondary meaning before Defendants commenced their unlawful use the Barc-ee's Mark and the Barc-ee's Logo in connection with their goods/services.

88.    Defendants' use of the Barc-ee's Mark and the Barc-ee's Logo has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to Buc-ee's for which Buc-ee's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Buc-ee's Trademarks, the Buc-ee's Goods and Services, and Buc-ee's.

89.    On information and belief, Defendants' unlawful conduct has been intentional, willful, and malicious, and is evidenced at least by Defendants' knowledge of Buc-ee's and its rights, and by Defendants' ongoing and continuing disregard for Buc-ee's rights.

90.    Buc-ee's is entitled to injunctive relief under at least Mo. Ann. Stat. § 417.061.

**Count VI:**
**Common Law Trademark Infringement**

91.    Buc-ee's realleges and incorporates the allegations set forth in paragraphs 1 through 90 as though fully set forth herein.

92.    Defendants' activities described above constitute common law trademark infringement, at least because Defendants' use of the Barc-ee's Mark and the Barc-ee's Logo is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of any Defendant goods/services, at least by creating the false and misleading impression that any Defendant goods/services are manufactured by, authorized by, or otherwise associated with Buc-ee's.

38

93.     The Buc-ee's Trademarks are entitled to protection under the common law. Buc-ee's has extensively and continuously promoted and used the Buc-ee's Trademarks in the United States and the State of Missouri. Through that extensive and continuous use, the Buc-ee's Trademarks have become well-known indicators of the origin and quality of the Buc-ee's Goods and Services. The Buc-ee's Trademarks have also acquired substantial secondary meaning in the marketplace. Moreover, the Buc-ee's Trademarks acquired this secondary meaning before Defendants commenced their unlawful use of the Barc-ee's Mark and the Barc-ee's Logo in connection with their goods/services.

94.     Defendants' use of the Barc-ee's Mark and the Barc-ee's Logo has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Buc-ee's for which Buc-ee's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Buc-ee's Trademarks, the Buc-ee's Goods and Services, and Buc-ee's.

95.     On information and belief, Defendants' unlawful conduct has been intentional, willful, and malicious, and is evidenced at least by Defendants' knowledge of Buc-ee's and its rights, and by Defendants' ongoing and continuing disregard for Buc-ee's rights.

96.     Buc-ee's is entitled to injunctive relief, and Buc-ee's is also entitled to recover at least Buc-ee's damages, any profits by Defendants, punitive damages, costs, and reasonable attorney fees.

**Count VII:**
**Common Law Unfair Competition**

97.     Buc-ee's realleges and incorporates the allegations set forth in paragraphs 1 through 96 as though fully set forth herein.

98.     Defendants' activities described above constitute common law unfair competition,

39

at least by palming off/passing off of Defendants' goods and services, and by simulation of colorable imitations of the Buc-ee's Trademarks in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of any Defendant goods/services, at least by creating the false and misleading impression that any Defendant goods/services are manufactured by, authorized by, or otherwise associated with Buc-ee's. Defendants have also interfered with Buc-ee's business.

99. The Buc-ee's Trademarks are entitled to protection under the common law. Buc-ee's has extensively and continuously promoted and used its Trademarks in the United States and the State of Missouri. Through that extensive and continuous use, the Buc-ee's Trademarks have become well-known indicators of the origin and quality of the Buc-ee's Goods and Services. The Buc-ee's Trademarks are also inherently distinctive. Moreover, Buc-ee's rights in the Buc-ee's Trademarks predate Defendants' unlawful use of the Barc-ee's Mark and the Barc-ee's Logo in connection with their goods and services.

100. Defendants' use of the Barc-ee's Mark and the Barc-ee's Logo has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Buc-ee's for which Buc-ee's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Buc-ee's Trademarks, the Buc-ee's Goods and Services, and Buc-ee's.

101. On information and belief, Defendants' unlawful conduct has been intentional, willful, and malicious, and is evidenced at least by Defendants' knowledge of Buc-ee's and its rights, and by Defendants' ongoing and continuing disregard for Buc-ee's rights.

102.     Buc-ee's is entitled to injunctive relief, and Buc-ee's is also entitled to recover at least Buc-ee's damages, any profits by Defendants, punitive damages, costs, and reasonable attorney fees.

### Count VIII:
### Common Law Misappropriation

103.     Buc-ee's realleges and incorporates the allegations set forth in paragraphs 1 through 102 as though fully set forth herein.

104.     Defendants' activities described above constitute common law misappropriation.

105.     Buc-ee's has developed the Buc-ee's Trademarks and the Buc-ee's Goods and Services sold in connection with the Buc-ee's Trademarks through extensive time, labor, effort, skill, and money. Defendants wrongfully use the Barc-ee's Mark and the Barc-ee's Logo in competition with Buc-ee's and have gained a special advantage because Defendants were not burdened with the expenses incurred by Buc-ee's. Based on the activities described above, Defendants have commercially damaged Buc-ee's, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of any Defendants' goods/services, and by creating the false and misleading impression that any Defendants' goods/services are manufactured by, sold by, authorized by, or otherwise associated with Buc-ee's.

106.     The Buc-ee's Trademarks are entitled to protection under the common law. Buc-ee's has extensively and continuously promoted and used its Trademarks in the United States and the State of Missouri. Through that extensive and continuous use, the Buc-ee's Trademarks have become well-known indicators of the origin and quality of the Buc-ee's Goods and Services. The Buc-ee's Trademarks are also inherently distinctive. Moreover, Buc-ee's rights in the Buc-ee's Trademarks predate Defendants' unlawful use of the Barc-ee's Mark and the Barc-ee's Logo in connection with their goods and services.

41

107. Defendants' use of the Barc-ee's Mark and the Barc-ee's Logo in connection with their goods/services and commercial activities has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Buc-ee's for which Buc-ee's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Buc-ee's Trademarks, the Buc-ee's Goods and Services, and Buc-ee's. Moreover, as a result of their misappropriation, Defendants have profited and continue to profit by misappropriating the time, effort, and money that Buc-ee's invested in establishing the reputation and goodwill associated with the Buc-ee's Trademarks and the goods and services sold in connection with the Buc-ee's Trademarks.

108. On information and belief, Defendants' unlawful conduct has been intentional, willful, and malicious, and is evidenced at least by Defendants' knowledge of Buc-ee's and its rights, and by Defendants' ongoing and continuing disregard for Buc-ee's rights.

109. Buc-ee's is entitled to injunctive relief, and Buc-ee's is also entitled to recover at least Buc-ee's damages, any profits by Defendants, punitive damages, costs, and reasonable attorney fees.

**Count IX:**
**Unjust Enrichment**

110. Buc-ee's realleges and incorporates the allegations set forth in paragraphs 1 through 109 as though fully set forth herein.

111. Defendants' activities described above constitute unjust enrichment, at least because Defendants have wrongfully obtained benefits at Buc-ee's expense. Defendants have also, *inter alia*, operated with an undue advantage.

112. Buc-ee's developed the Buc-ee's Trademarks and the goods and services sold in connection with the Buc-ee's Trademarks through extensive time, labor, effort, skill, and money.

42

Defendants wrongfully use the Barc-ee's Mark and the Barc-ee's Logo, in competition with Buc-ee's, and have gained and are gaining a wrongful benefit by undue advantage through such use. Defendants have not been burdened with the expenses incurred by Buc-ee's, yet Defendants are obtaining the resulting benefits for their own business.

113.    The Buc-ee's Trademarks are entitled to protection under the common law. Buc-ee's has extensively and continuously promoted and used its Trademarks in the United States and the State of Missouri. Through that extensive and continuous use, the Buc-ee's Trademarks have become well-known indicators of the origin and quality of the Buc-ee's Goods and Services. The Buc-ee's Trademarks are also inherently distinctive. Moreover, Buc-ee's rights in the Buc-ee's Trademarks predate Defendants' unlawful use of the Barc-ee's Mark and the Barc-ee's Logo in connection with their goods and services.

114.    Defendants' use of the Barc-ee's Mark and the Barc-ee's Logo has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to Buc-ee's for which Buc-ee's has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the Buc-ee's Trademarks, with the Buc-ee's Goods and Services, and with Buc-ee's. Buc-ee's accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment. Based on the activities described above, Defendants have wrongfully obtained and are wrongfully obtaining a benefit at Buc-ee's expense and enjoying the benefits of Buc-ee's hard-earned goodwill and reputation.

115.    On information and belief, Defendants' unjust enrichment at Buc-ee's expense has been intentional, willful, and malicious, and is evidenced at least by Defendants' knowledge of Buc-ee's and its rights, and by Defendants' ongoing and continuing disregard for Buc-ee's rights.

116.    Buc-ee's is entitled to injunctive relief, and Buc-ee's is also entitled to recover at least any profits by Defendants.

### **Demand for Jury Trial**

Buc-ee's hereby demands a jury trial on all issues so triable.

### **Relief Sought**

WHEREFORE, Plaintiff respectfully prays for:

1.    Judgment that Defendants have (i) infringed Buc-ee's registered trademarks in violation of § 1114(1) of Title 15 in the United States Code; (ii) infringed the Buc-ee's Trademarks in violation of § 1125(a) of Title 15 in the United States Code; (iii) diluted the Buc-ee's Trademarks in violation of § 1125(c) of Title 15 in the United States Code; (iv) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (v) diluted the Buc-ee's Trademarks in violation of Mo. Ann. Stat. § 417.061; (vi) violated Buc-ee's common law rights in the Buc-ee's Trademarks; (vii) engaged in common law unfair competition; (viii) engaged in common law misappropriation; (ix) been unjustly enriched at Buc-ee's expense; and that all of these wrongful activities by Defendants were willful;

2.    An injunction against further infringement and dilution of the Buc-ee's Trademarks, and further acts of unfair competition, false designation of origin, misappropriation, and unjust enrichment by Defendants, and each of their agents, employees, servants, attorneys, successors and assigns, licensees, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising products or services in violation of the Buc-ee's Trademarks, or any colorable imitation of the Buc-ee's Trademarks (including the Barc-ee's Mark and the Barc-ee's Logo), pursuant to at least 15 U.S.C. § 1116 and Mo. Ann. Stat. § 417.061;

3. An Order directing the destruction of all infringing products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, including on the Internet, in the possession, custody, or control, of Defendants, bearing the Buc-ee's Trademarks and/or colorable imitations thereof including the Barc-ee's Mark and the Barc-ee's Logo, pursuant to at least 15 U.S.C. § 1118;

4. An award of any profits by Defendants, Buc-ee's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1114(1), 1125(a), 1125(c), 1116, and 1117; and

5. Such other and further relief as this Court deems just and proper.

Dated: March 19, 2025

Respectfully Submitted,

By: */s/ C. Bradley Tuck*
    C. Bradley Tuck, Mo. Bar No. 35505
    Evans & Dixon, L.L.C.
    4905 S. National Ave., Building B
    Springfield, Missouri 65810
    Phone: (417) 882-4700
    Facsimile: (417) 882-4927
    btuck@evans-dixon.com

    Joseph J. Berghammer (*pro hac vice* forthcoming)
    Illinois Bar No. 6273690
    Eric J. Hamp (*pro hac vice* forthcoming)
    Illinois Bar No. 6306101
    Anthony J. Denis (*pro hac vice* forthcoming)
    Illinois Bar No. 6329599
    Banner & Witcoff, Ltd.
    71 South Wacker Drive
    Suite 3600
    Chicago, IL 60606-7407
    Phone: (312) 463-5000
    Facsimile: (312) 463-5001
    jberghammer@bannerwitcoff.com
    ehamp@bannerwitcoff.com
    adenis@bannerwitcoff.com

    **ATTORNEYS FOR PLAINTIFF**
    **BUC-EE'S, LTD.**